Peck, J.,
delivered the opinion of the court:
George D. Ruggles, administrator of the estate of D. Golden Rug-gles, deceased, by his petition, represents that his intestate was an additional paymaster of the army of the United States in the year 1864; that he was in that capacity ordered to proceed from Washington on the thirteenth day of October of that year, to Winchester, Virginia, to pay off troops in the army of General Sheridan; that in obedience to orders he proceeded to perform this duty by way of the Baltimore and Ohio railroad, and was captured while on the railroad train near Martinsburg by the public enemy, and retained as a prisoner until he died; that when captured the decedent had with him, for the purpose of making a payment, the sum of $10S,000 of public money, and vouchers for the sum of $2,088 25, previously disbursed by him as paymaster, which were taken from him and never recovered.
It is for us to determine whether this money and the vouchers were lost by the deceased while in the line of his duty, and without his fault or neglect.
The evidence shows the order issued to the deceased by his superior officer, directing him to make the payment, and that he proceeded with all reasonable diligence to perform the duty assigned to him. It is also shown that he drew from the treasury, on the 12th of October, the sum of $115,000, with which to make the payments, and the witness says : “ I saw the money Major Ruggles took with him in his travelling bag, just as received by him from the United States treasury.” His clerk says he also took with him the rolls of the regiments upon which he had already made payments, and received the signatures for vouchers; and that he knew that Major Ruggles had made payments to soldiers in Washington hospitals from about the 15th of September, 1864, to within a few days of his departure, these soldiers *521 belonging to regiments which had been assigned to the deceased for payment. It appears he had, in addition to payments to soldiers, paid officers also.
As the pay-rolls on which payments had been made and receipted for, were necessary to enable him to make his future payments to other members of the regiment, no blame can be imputed to him for having the vouchers with him at the time of his capture.
Information is furnished by the proper department, showing the disbursement of a portion of the money received by the decedent.
We think the administrator has proved the allegations of his petition. The capture of Major Ruggles by the public enemy, together with the money and vouchers, is clearly shown; and the circumstances proved, leave no doubt that the prayer of the petitioner should be granted. We therefore direct the following decree to be entered :
Now at this day came on to be heard the petition of the said George D. Ruggles, administrator of D. Colden Ruggles, deceased, late an additional paymaster in the army of the United States, praying for a decree of this court to the end that the estate of the said 'D. Colden Ruggles may be relieved from responsibility by reason of the loss of money and vouchers intrusted to him in his lifetime, and that upon an accounting with the government of the United States in that behalf he may be allowed therefor in a settlement of his accounts ; and the court having considered the said petition and the proofs in support thereof, and having ascertained the fact that the said D. Colden Rug-'gles did in his lifetime, while acting as an additional paymaster in the army of the United States, lose money and vouchers without fault or neglect on his part while in the line of his duty, it is therefore ordered, adjudged, and decreed that the proper accounting officers of the Treasury Department shall allow to the said George D. Ruggles, as such administrator, as a credit in the settlement of the accounts of the said D. Colden Ruggles, deceased, the sum of one hundred and ten thousand and eighty-eight dollars and twenty-five cents ; one hundred and eight thousand dollars, parcel thereof, being for money, and two thousand and eighty-eight dollars and twenty-five cents, other parcel thereof, being for vouchers so lost as aforesaid.